**In the Matter of HARRY & LARRY MARONDE PARTNERSHIP, Debtor.**

**In the Matter of Harry & Ruth Maronde, Debtors.**

**Nos. BK00–41338, BK00–41339.**

United States Bankruptcy Court
D. Nebraska.

Dec. 15, 2000.

W. Eric Wood, Bellevue, Ne, for debtors.

Stephen H. Nelsen, Lincoln, Ne, for Cornerstone Bank.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

After defaulting on payments due under a confirmed Chapter 12 plan, the debtors Harry and Ruth Maronde filed a new Chapter 12 case and proposed to restructure treatment of secured claims which were impaired in the previous bankruptcy case.

I conclude that the restrictions on modification of a confirmed plan set forth in 11 U.S.C. § 1229 cannot be circumvented by simply filing a new bankruptcy case. The Motions for Relief from Stay are granted.

Before the Court are two, recently filed, related Chapter 12 bankruptcy cases in which a plan has not been confirmed. Cornerstone Bank ("the Bank") filed a Motion for Relief from Stay in each case. It holds deeds of trust on real estate owned by debtors Harry and Ruth Maronde. The land is farmed by the debtor Maronde Partnership. The Bank asserts that by filing these bankruptcy cases, Harry and Ruth Maronde are attempting to modify the provisions of the Chapter 12 plan confirmed in their 1990 bankruptcy case.[1] The Bank also asserts that Harry and Ruth Maronde have materially defaulted under the terms of the confirmed plan, that the debtors filed the present bankruptcy cases in bad faith to frustrate the Bank's efforts to sell the real estate, and that the Bank's interest is not adequately protected.

Harry and Ruth Maronde assert that they have suffered substantial and unanticipated changes in circumstances which

---

1. Harry and Ruth Maronde's previous Chapter 12 case is Case No. BK90–40370. Larry Maronde's Chapter 12 case is Case No. BK90–40369. Those cases were substantively consolidated. Hereafter, reference will be made to "the 1990 case" and "the confirmed plan" with the understanding that the reference encompasses both cases.

should permit them to modify the treatment of the Bank's claim.

The debtors also assert that the pending case filed by the Harry and Larry Maronde Partnership is the first bankruptcy filed by that debtor, so the partnership should not be bound by the prior plan. The Bank concedes this point, and states that it seeks relief against the partnership only to the extent of the partnership's interest, if any, in the land. The partnership's possessory interest in the land is subject to the ownership interest conveyed in the trust deed.

Under the terms of the confirmed plan, Harry and Ruth Maronde sold certain real and personal property to pay off a portion of the Bank's claim. They were to make annual installment payments on the remainder of the Bank's secured claim, with a balloon payment due December 31, 2000. Harry and Ruth Maronde did not make their 1999 payment to the Bank, and have failed to pay real estate taxes on the property. The Bank is currently owed more than $813,000.

## *DISCUSSION*

 Cause exists for relief from the automatic stay because Harry and Ruth Maronde are in default under the terms of the Chapter 12 plan confirmed in their 1990 bankruptcy case. Such defaults include the failure to make payments when due and the failure to pay real estate taxes. A confirmed Chapter 12 plan binds the debtors and creditors, including the moving party in this case. *Matter of Schnakenberg*, 195 B.R. 435, 439 (Bankr. D.Neb.1996). Confirmation of a Chapter 12 plan is final and a debtor may not modify a confirmed Chapter 12 except as is permitted in 11 U.S.C. § 1229.

In order to modify a Chapter 12 plan, a debtor must satisfy the statutory requirements of § 1229, which provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, on request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1222(a), 1222(b), and 1223(c) of this title and the requirements of section 1225(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C. § 1229.

Decisional law construing § 1229 has generally conditioned a debtor's right to modify a confirmed Chapter 12 plan upon the further showing of a change in circumstances beyond the control of the debtor. *See Schnakenberg*, 195 B.R. at 439 (quoting *In re Grogg Farms, Inc.*, 91 B.R. 482, 485 (Bankr.N.D.Ind.1988)). The change of circumstance requirement reflects the basic idea that the confirmation of a plan has a degree of finality.

 Subsection 1229(c) places an important limitation on a debtor's right to modify a confirmed Chapter 12 plan. Under that section payments under the modified plan may be made only for a period of 3 to

**916**

5 years after the first payment became due under the plan. A necessary corollary of the statutory restrictions of § 1229 is that debtors should not be permitted to circumvent the plan modification restrictions by simply filing a new Chapter 12 case and proposing a plan which, in effect, modifies treatment of claims under circumstances where the previously confirmed plan could not be so modified under § 1229.

On the facts of the case before me, the debtors acknowledge that their proposed Chapter 12 plan will reamortize the Bank's allowed secured claim over a period in excess of 3 to 5 years after the first payment was due under the confirmed plan. If the debtor reopened its previous bankruptcy case, such a proposed modification would not be permissible under § 1229(c) because it provides that the debt service on the bank's claim would be for a period in excess of 3 to 5 years after the first payment was made under the original plan. The debtors may not circumvent the explicit requirements of § 1229(c) by filing a new Chapter 12 bankruptcy case as a means to impermissibly modify treatment of the Bank's claim. A secured creditor is entitled to the finality contemplated by § 1229(c).

Under the facts established by the debtors, there has arguably been sufficient change in circumstances to permit modification of the confirmed plan. However, any such modification must be in compliance with § 1229(c).

A separate order will be entered lifting the automatic stay.